UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| UNITED STATES OF AMERICA, | No. 15-cr-165 (JRT/LIB) (14) |
|---|---|
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Michael Lenior Dukes, | |
| Defendant. | |

---

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the parties' pretrial motions.

On September 10, 2015, the Court entered an Order, [Docket No. 825], in which it set forth that the Court would take all of the parties' motions for discovery and production of evidence under advisement on the parties' written submissions unless the Defendant, through counsel, submitted a letter to the undersigned by October 10, 2015, identifying any withdrawn motions and identifying which motions, if any, on which the Defendant wanted to offer supplemental oral argument.

On October 14, 2015, Defendant Michel Lenior Dukes ("Defendant") filed a Meet and Confer Statement, [Docket No. 894], in which he withdrew his Motion to Suppress Evidence Obtained by Seizure, [Docket No. 662]; Motion to Suppress Evidence Obtained as a Result of Search and Seizure, [Docket No. 676]; Motion to Suppress Evidence Obtained by Search and Seizure of Person, [Docket No. 678]; Motion to Suppress Evidence Obtained by Search and Seizure, [Docket No. 679]; Motion to Suppress Government Interception of Wire or Oral

Communication, [Docket No. 681]; Motion to Suppress Identification Evidence, [Docket No. 682]; and Motion to Suppress Statements. The Court took the parties' remaining pretrial motions under advisement on the written submissions on October 19, 2015.

The Court addresses the parties' motions as follows:

## I. Government's Motion for Discovery [Docket No. 291]

The Government seeks discovery pursuant to Rules 16(b), 12.1, 12.2, 12.3, and 26.2 of the Federal Rules of Criminal Procedure, and Rules 702, 703, and 705 of the Federal Rules of Evidence. (See Govt.'s Motion for Discovery [Docket No. 291]).

### A. Inspection and Copying Pursuant to Rule 16(b)

#### 1. Documents and Tangible Objects

The Government requests that the Court order Defendant to permit inspection and copying of all books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

Defendant did not object to the request. The motion is granted, and Defendant shall disclose any such responsive materials no later than fourteen (14) days before trial.

#### 2. Reports of Examinations and Tests

The Government requests all results and reports of physical or mental examinations and of scientific tests or experiments made in connection with the above captioned matter, or copies thereof, within the possession or control of Defendant, which Defendant intends to introduce as evidence in his case-in-chief at trial or which were prepared by a witness whom Defendant intends to call at trial.

Defendant did not object to the request. The motion is granted, and Defendant shall disclose any such responsive materials no later than fourteen (14) days before trial.

### 3. Expert Testimony

The Government also seeks a written summary of expert testimony Defendant intends to use under Rule 702, 703, and 705 of the Federal Rules of Evidence as evidence at trial. The summary must describe the opinions of the expert witnesses, the bases and reasons therefore, and the witnesses' qualifications.

Defendant did not object to the request. The motion is granted, and Defendant shall disclose any such responsive materials for experts he intends to call in his case-in-chief at trial no later than fourteen (14) days before trial.

### B. Notice of Alibi Defense

Pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, the Government seeks an order from the Court requiring Defendant, if he intends to claim alibi as a defense, to state the specific place or places at which Defendant claims to have been at the time of the alleged offenses in the above captioned matter and the names and addresses of the witnesses upon whom Defendant intends to rely to establish such alibi.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Fed. R. Crim. P. 12.1 as soon as practicable and in no event later than twenty-one (21) days before trial.

### C. Notice of Insanity/Mental Illness Defense

In addition, pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure, the Government requests the Court to order Defendant, if he intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental

condition of Defendant relevant to the issue of guilt, to provide the Government notice of such defense.

Defendant did not object to this request. The motion is granted, and Defendant shall give notice of same pursuant to Fed. R. Crim. P. 12.2 as soon as practicable and in no event later than twenty-one (21) days before trial.

### E. Witness Statements

The Government seeks all statements within Defendant's possession or control of any witness that Defendant intends to call in connection with a suppression hearing, detention hearing, trial, or sentencing.

To the extent Defendant has statements in his possession or control of any witness that he intends to call to testify in connection with a suppression hearing, detention hearing, trial, or sentencing, Defendant shall disclose such statements to the Government no later than three (3) days before such witness is called to testify.

## II. Defendant's Motion for Disclosure and Production of Informants and/or Cooperating Witnesses, [Docket No. 608]

Defendant moves the Court for an Order compelling the Government to disclose the names and addresses of informants and cooperating individuals and also asks the Court to order the Government to disclose the identity of any individuals who have provided information as informants. (Def.'s Motion for Disclosure and Production of Informants and/or Cooperating Witnesses, [Docket No. 608]).

The Government opposes Defendant's motion, asserting its privilege to withhold the identities of informants. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 1-2). The Government also represented that it has not yet decided whether it intends to call any confidential informants as witnesses at trial. (Id. at 2).

Informer's privilege is the Government's privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957) (citations omitted). There are several exceptions to the privilege. Id. Of those, the one pertinent to the present case takes into account the "fundamental requirements of fairness" and a defendant's need to prepare an adequate defense. See Id. at 60-61 ("Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.").

"[T]here is no litmus test for determining when disclosure [of an informant's identity] is required[.]" United States v. Lapsley, 334 F.3d 762, 764 (8th Cir. 2003); see also Roviaro, 353 at 62 ("We believe that no fixed rule with respect to disclosure is justifiable."). However, the Eighth Circuit has indicated a court ruling on a motion for disclosure of an informant's identity "must weigh the defendant's right to information against the government's privilege to withhold the identity of its confidential informants." Lapsley, 334 F.3d at 763-64 (internal quotation marks and citations omitted).

In the case presently before the Court, the Court concludes that balance is best served by requiring the Government to disclose to Defendant the identity of any informant whose testimony the Government intends to introduce at trial in the present case or whose identity is otherwise discoverable under Brady, Giglio, and their progeny, or the Government's other discovery obligations.

The motion is granted in part and denied in part. The Government is not at this time required to disclose the identity or addresses of its confidential informants unless the informants' identities are discoverable under Brady, Giglio, and their progeny or the Government's other

discovery obligations. In the event that the Government determines that it will use any of its confidential informants as witnesses at trial, the Government shall disclose the identity of those informants to the Defendant and make those informants available for interview in no event later than seven days before trial.

### III. Defendant's Motion for Disclosure of 404(b) Evidence, [Docket No. 610]

As drafted, Defendant's Motion for Disclosure of 404(b) Evidence, [Docket No. 610], expressly seeks disclosure of any "bad act" or "similar course of conduct" evidence that the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b), as well as, the identities of witnesses through whom such evidence will be offered. The Court construes Defendant's motion to also implicitly request that the Government provide the basis for the admissibility of said evidence.

In its response, the Government acknowledged its obligation to comply with Rule 404(b). (Gov't's Resp. to Def.'s Mots. [Docket No. 789], 9-10). However, the Government objected to Defendant's request that it identify witnesses through whom it will offer any Rule 404(b) evidence as beyond the scope of the Rule. (Id.).

Generally, Fed. R. Evid. 404(b) only requires "the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts." Fed. R. Evid. 404, Notes of Advisory Committee on Rules, 1991 Amends. The Defendant has not identified any authority that would authorize the Court to compel the Government to provide the basis of admissibility. Nor has the Court found any Eighth Circuit or District of Minnesota authority controlling this question. The only commentary of which the Court is aware on the subject is the aforementioned Note of the Advisory Committee. The Court understands this Note to mean that, along with the fact of the conviction or the prior bad act, sufficient context is to be provided so that the Defense can assess the information.

The motion is granted in part and denied in part. The Court orders the Government to disclose to the Defense as soon as practicable, and in no event later than twenty-one (21) days before trial, the specific 404(b) evidence, if any, it intends to offer into evidence at trial. However, the Government is not required at this time to provide a proffer of the basis for admissibility of such evidence.[1] As to the identities of witnesses through whom the evidence will be offered, the Government is ordered to provide them no later than when it is also required to disclose the identities of other witnesses that will be called at trial in its case-in-chief.[2]

### IV. Defendant's Motion for Disclosure of Electronic Surveillance Wiretapping Evidence, [Docket No. 613]

Defendant moves the Court for an Order directing the Government to disclose and certify the extent of electronic surveillance it used in the present case, and to disclose all evidence obtained by electronic surveillance. (Def.'s Motion for Disclosure of Electronic Surveillance Wiretapping Evidence, [Docket No. 613]).

The Government objects to the motion. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 4-5). The Government represents that it has already disclosed the electronic surveillance it used in this case in investigating Defendant. (Id.).

To the extent to motion seeks the disclosure and production of evidence obtained by electronic surveillance, the motion is denied as moot.

---

[1] The Court notes that the Government has, in other cases, voluntarily agreed to disclose its position as to the basis of admissibility for 404(b) evidence it intended to offer at trial. Such voluntary conduct by the Government is always encouraged and serves to aid in the efficient administration of the case by possibly narrowing evidentiary issues to be decided at trial.

[2] Neither Federal Rule of Evidence 404(b) nor Federal Rule of Criminal Procedure 16 requires the Government to disclose directly or indirectly the names and/or addresses of its potential trial witnesses. Fed. R. Evid. 404 Advisory Committee's Notes, 1991 Amendments. Furthermore, Rule 404(b) does not extend to evidence of acts which are "intrinsic" to the charged offense. Id.; United States v. Adediran, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence); see also United States v. Williams, 900 F.2d 823 (5th Cir. 1990).

Defendant, however, also seeks an Order suppressing all such evidence. (Def.'s Motion for Disclosure of Electronic Surveillance Wiretapping Evidence, [Docket No. 613]).

The Government argues that the Court should deny Defendant's motion to the extent it seeks the suppression of evidence, arguing that Defendant has not carried his burden to make specific factual allegation in support of suppression. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 4-5).

"In motions to suppress evidence, a moving party must specify the statement or evidence which is sought to be suppressed, and articulate with clarity the factual and legal basis upon which each is sought to be suppressed." United States v. Quiroz, 57 F. Supp. 2d 805, 822 (D. Minn. 1999) aff'd sub nom. United States v. Vasquez, 213 F.3d 425 (8th Cir. 2000). Defendant's motion, however, consists of a mere boilerplate, generic assertion that the Court should suppress evidence gathered by electronic surveillance. Where a defendant fails to specify the evidence he seeks to suppress and fails to offer specific legal and factual grounds for suppression, a court may properly deny a motion to suppress on the pleadings. Id.

Based on the foregoing, the Court **RECOMMENDS DENYING** Defendant's Motion for Disclosure of Electronic Surveillance Wiretapping Evidence, [Docket No. 613], to the extent the motion seeks suppression of evidence gathered by electronic surveillance.

**V.    Defendant's Motion for Impeachment Material and Exculpatory Evidence, [Docket No. 618]; Defendant's Motion for Brady and Giglio Materials, [Docket No. 627]; Defendant's Motion to Compel the Government to Disclose Evidence Favorable to the Defendant, [Docket No. 667].**

Defendant seeks disclosure of evidence favorable to him which would fall within the authority of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny. (See Def.'s Motion for Impeachment Material and Exculpatory Evidence, [Docket No. 618]; Def.'s Motion for Brady and Giglio Materials, [Docket No. 627];

8

Def.'s Motion to Compel the Government to Disclose Evidence Favorable to the Defendant, [Docket No. 667]).

The Government acknowledged its duty to disclose responsive materials and information. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 6). The Government also represented that it has previously disclosed evidence favorable to the Defendant within its possession and will continue to comply with its obligations under Brady, Giglio, and their progeny. (Id.).

The motions are granted. The Government will disclose any and all remaining and/or subsequently discovered, obtained, or obtainable material responsive to Brady to the Defense as soon as practicable and in no event later than seven (7) days before trial. In Kyles v. Whitley, 514 U.S. 419 (1995), the United States Supreme Court "emphasized the discretion of the *prosecutor*, not the trial judge, in deciding what evidence is producible under Brady." United States v. Garrett, 238 F.3d 293, 304 n.4 (5th Cir. 2000) (emphasis added). The Sixth Circuit has also explained that "while the Brady rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." United States v. Clark, 957 F.2d 248, 251 (6th Cir. 1992). That being said, "[i]f [the Government] fails to comply adequately with a discovery order requiring it to disclose Brady material, it acts at its own peril." Id. Accordingly, the Court encourages the Government to carefully evaluate the materials in its possession in light of a liberal understanding of its Brady obligations.

### VI. Defendant's Motion for Discovery and Inspection [Docket No. 620]; Defendant's Motion for Discovery of Rule 16(a)(1)(G) Expert Evidence, [Docket No. 622].

Defendant seeks disclosure of any written, recorded, or oral statements made by Defendant or copies thereof in the possession, custody, or control of the Government; the

substance of any oral statements made by the Defendant, whether before or after arrest, which the Government intends to offer in evidence at the trial; and a copy of Defendant's prior criminal record which is known, or by the exercise of due diligence may become known to the Government. (Def.'s Motion for Discovery and Inspection, [Docket No. 620]).

Defendant also requests permission to inspect and/or copy books, papers, documents, photographs, and tangible objects in the possession, custody, or control of the Government and which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial, or were obtained from or belonged to the Defendant. Defendant also requests permission to inspect and copy the results of any physical or mental examinations or scientific tests or experiments, or computer forensic examinations, including but not limited to fingerprint, blood, tissue, fluid, or chemical analyses. (Id.).

Furthermore, Pursuant to Rule 16(a)(1)(G), Defendant requests written summaries of any expert opinion the Government intends to use in its case in chief, including expert witnesses' qualifications and opinions, and the bases for those opinions. (Def.'s Motion for Discovery and Inspection, [Docket No. 620]).

In its responsive memorandum and at the hearing, the Government represented that it had already produced all Rule 16 responsive materials and information presently in its possession and control, including any written, recorded, or oral statements made by Defendant. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 7). Furthermore, the Government acknowledged its ongoing duty to disclose any subsequently acquired responsive materials or information. (Id.).

To the extent that Defendant seeks materials subject to disclosure under Rule 16, the motion is granted as to any subsequently acquired responsive materials or information, which shall be disclosed to the defense as soon as practicable and in no event later than seven (7) days

before trial, except with respect to expert disclosures, which shall be made as soon as practicable and in no event later than thirty (30) days before trial.

Defendant also seeks, through this motion, the production and disclosure of evidence that is not subject to disclosure pursuant to Rule 16. Defendant seeks the production of reports and notes of investigators and law enforcement agencies. (Def.'s Motion for Discovery and Inspection, [Docket No. 620], 2). Rule 16 expressly exempts from discovery the disclosure of reports, memoranda, or other internal government documents made by government agents in connection with investigating a case. Fed. R. Crim. P. 16(a)(2). Accordingly, the motion is denied to the extent Defendant seeks the production of reports and notes of investigators and law enforcement agencies.

Defendant also seeks audio recordings and transcripts of any statements regarding Defendant's conduct and any statements of cooperating witnesses, cooperating defendants, and confidential informants. (Def.'s Motion for Discovery and Inspection, [Docket No. 620], 2). The statements Defendant seeks may overlap with Defendant's Motion for Impeachment Material and Exculpatory Evidence, [Docket No. 618]; Defendant's Motion for Brady and Giglio Materials, [Docket No. 627]; Defendant's Motion to Compel the Government to Disclose Evidence Favorable to the Defendant, [Docket No. 667]; and also overlap with Defendant's Motion for Disclosure of Jencks Act Material, [Docket No. 659]. To the extent responsive materials may be subject to Brady, Giglio, and their progeny, disclosure and production shall be according to the Court's ruling on Defendant's Motion for Impeachment Material and Exculpatory Evidence, [Docket No. 618]; Defendant's Motion for Brady and Giglio Materials, [Docket No. 627]; and Defendant's Motion to Compel the Government to Disclose Evidence Favorable to the Defendant, [Docket No. 667]. To the extent responsive materials are subject to

the Jencks Act, disclosure and production shall be according to the Court's ruling on Motion for Disclosure of Jencks Act Material, [Docket No. 659].

To the extent that Defendant seeks the disclosure of statements by cooperating defendants and confidential informants, that are not otherwise subject to disclosure under Brady, Giglio, and their progeny, or subject to the Jencks Act, the Court notes that Federal Rule of Criminal Procedure Rule 16 is the primary avenue available to a criminal defendant seeking discovery. United States v. Siewert, No. CRIM. 08-4 DWF/SRN, 2008 WL 3165852, at *2 (D. Minn. June 10, 2008) (citing 3D Federal Practice and Procedure Rule 16 Summary, at 206 (2008 ed.)). Fed. R. Crim. P. Rule 16(a)(1)(A-B) allow for discovery of a defendant's statements.  Generally, a criminal defendant has no general constitutional right to broad discovery from the Government beyond Rule 16. Siewert, No. CRIM. 08-4 DWF/SRN, 2008 WL 3165852, at *2. Accordingly, to the extent that Defendant seeks the disclosure of statements by cooperating defendants and confidential informants, that are not otherwise subject to disclosure under Brady, Giglio, and their progeny, or the Jencks Act, the motion is denied.

### VII. Defendant's Motion to Exclude the Government From Impeaching Defendant With Prior Conviction, [Docket No. 625]

The Defendant moves the Court to exclude the use of his prior convictions to impeach him should he testify at trial.  (Def. Motion to Exclude the Government from Impeaching Defendant With Prior Conviction, [Docket No. 625]).

The Government objects to the motion as premature, as the admissibility of evidence of prior convictions is a matter for the trial judge. (Govt.'s Resp. to Def.'s Motions, [Docket No. 788], at 8).

Pursuant to Federal Rule of Evidence 609(a)(1)(B), evidence that the defendant in a criminal case has been convicted of a felony is generally admissible "if the probative value of the

evidence outweighs its prejudicial effect to that defendant." The trial judge is in the best position to rule on the admissibility of Defendant's prior convictions as the trial judge may best evaluate the probative value of a prior convictions and the potential for prejudice by admitting evidence of the prior conviction at the time that the evidence is offered. See, e.g., United States v. Key, 717 F.2d 1206, 1208–09 (8th Cir. 1983); Lee v. Anderson, No. Civ. 07-1205 (PAM/JSM), 2009 WL 1346147, at *2 (D. Minn. May 13, 2009) aff'd sub nom. Lee v. Anderen, 616 F.3d 803 (8th Cir. 2010). As the admissibility of Defendant's prior convictions is a matter best left for the trial judge to determine at trial, Defendant's motion is premature.

The motion is denied without prejudice.

## VIII. Defendant's Motion for Government Agents to Retain Rough Notes, [Docket No. 645]

Defendant requests an order from the Court requiring any law enforcement agent, including any confidential and reliable informants, to retain and preserve all rough notes taken as part of their investigation, whether or not the contents of such rough notes are incorporated in official records. (See, Def.'s Motion for Government Agents to Retain Rough Notes, [Docket No. 645]).

The Government does not object to Defendant's motion for preservation of rough notes and evidence. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 9).

The motion is granted regarding rough notes as to retention only.

## IX. Defendant's Motion for Disclosure of Grand Jury Testimony of Any Witness Who Will Testify at Suppression Hearing, [Docket No. 649]; Defendant's Motion to Disclose Grand Jury Minutes, [Docket No. 668].

Defendant moves the Court for an Order to permit counsel for Defendant to inspect and copy minutes and transcripts from the Grand Jury that returned the Indictment in the present case, including the testimony of any witness who testified before the Grand Jury and will testify

at a suppression hearing in the present case. (Def.'s Motion for Disclosure of Grand Jury Testimony of Any Witness Who Will Testify at Suppression Hearing, [Docket No. 649]; Def.'s Motion to Disclose Grand Jury Minutes, [Docket No. 668]).

The Government opposes the motions to the extent Defendant seeks disclosure of the minutes and transcripts of Grand Jury proceedings. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 13-14). Nevertheless, the Government represented in its briefing that it will voluntary provide Defendant with Grand Jury transcripts which may constitute witness statements no later than seven (7) days prior to trial. (Id. at 10).

The Courts have long recognized that proper functioning of the grand jury system depends upon protecting the secrecy of those proceedings. Douglas Oil Co. v. Petrol Stops Northwest, 411 U.S. 211, 218 (1979). In order to justify disclosure of grand jury materials, a defendant must make a showing of a "particularized need." Thomas v. United States, 597 F.2d 656, 658 (8th Cir. 1979); see Price v. Viking Press, Inc., 115 F.R.D. 40, 42 (D. Minn. 1987).

The Defendant asserts no facts that tend to establish the requisite particularized need for the minutes and transcripts of the Grand Jury proceedings.

The motions are denied.

### X.     Defendant's Motion for Counsel's Participation in Voir Dire. [Docket 655]

Defendant moves the Court for an Order permitting Defendant's attorney to question the jury panel during voir dire. (See Def.'s Mot. for Counsel's Participation in Voir Dire [Docket No. 655]).

The Government opposes this motion, arguing that the motion is premature. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 11).

Counsel's participation in voir dire is a matter for the trial judge shortly before trial. See, e.g., United States v. Crown, No. Cr. 07-4313 (PJS/AJB), 2008 WL 783405, at *3 (D. Minn. Mar. 24, 2008) ("Jury voir dire is an aspect of trial procedure and management that is entirely within the discretion of the trial court."); see also United States v. Jaunch, No. 07-328 (PAM/JSM), 2008 WL 114897, at *1 (D. Minn. Jan 10, 2008) (holding that a motion to participate in voir dire should be denied without prejudice leaving the final decision on the participation of counsel in voir dire to the district court judge). Accordingly, Defendant's motion is premature.

The motion is denied without prejudice.

### XI. Defendant's Motion for Pretrial Disclosure of Jencks Act Material [Docket No. 659]

Defendant moves the Court to order the Government to disclose Jencks Act materials at least one week before trial. (See Def.'s Motion for Pretrial Disclosure of Jencks Act Material [Docket No. 659]).

The Government objects to the motion, as the Government may not be required to make pretrial disclosure of Jencks Act materials. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 11).

To the extent that Defendant seeks mandatory early production of Jencks Act materials, the motion is denied.[3]

---

[3] The Court recognizes the practical effect that disclosing Jencks Act material only after a witness has actually testified in the Government's case in chief creates the prospect for unnecessary continuances and delays in the trial while the Defense is permitted a reasonable time to review the late disclosures. However, Defendant provides no citation to authority which would allow the Court to require early disclosure of Jencks Act materials. Generally, the case law provides that the Court may not require the Government to make early disclosure of Jencks Act material. United States v. Alexander, 736 F. Supp. 968, 981 (D. Minn 1990); United States v. White, 750 F.2d 726, 727 (8th Cir. 1984); United States v. Wilson, 102 F.3d 968, 971-72 (8th Cir. 1996).

Nevertheless, the Government represented in its briefing that it will voluntarily produce such materials no later than seven (7) business days before trial.

## XII. Defendant's Motion to Join Motions of Co-defendants, [Docket No. 674]

Defendant moves the Court for an Order allowing him to adopt <u>all</u> pretrial motions of all of his co-defendants. (See Def.'s Motion Join Motions of Co-defendants, [Docket No. 674]).

The Government objects to the motion, arguing that it is Defendant's burden to analyze and litigate his own case. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 20).

The Court notes that other courts faced with motions for blanket authorization to join in <u>all</u> motions of co-defendants, like the motion here, have denied such motions as fatally vague in the absence of the movant's statement identifying each specific co-defendant motion he wished to join, as well as, his basis for standing and the specific factual and legal basis for joining in each motion. See, e.g., United States v. Harvey, No. 02:12-CR-113, 2014 WL 657595, at *3 (W.D. Pa. Feb. 20, 2014) (requiring a defendant moving to join in co-defendant's motion to file a separate statement of joinder establishing standing and the factual and legal basis for a joint application, even where the motion was unopposed); see also, e.g., United States v. Johnson, No. 08 CR 466, 2008 WL 5111166, at *3 (N.D. Ill. Dec. 3, 2008) (concluding that motion to join in all motion of co-defendants was fatally vague). The undersigned finds persuasive the practice of those courts that have required a defendant seeking to join in co-defendants' motions to specifically identify in his motion papers: 1) each co-defendant motion he is seeking to join; 2) to allege a basis for standing in each motion; and 3) to allege his legal and factual basis for joining in each motion. Here, Defendant has not identified his basis for standing in any pre-trial motions filed by his co-defendants, nor has he offered any factual or legal basis for joining in any specific motion filed by his co-defendants.

The motion is denied.

**XIII.   Defendant's Motion to Sequester Witnesses, [Docket No. 685].**

Defendant moves the Court for an order sequestering all witnesses in the present case. (Def.'s Motion to Sequester Witnesses, [Docket No. 685]).

The Government does not object to the sequestration of witnesses at the motions hearing. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 20).

Defendant's motion does not specify whether he is seeking the sequestration of witnesses at only the motions hearing or also at trial. The Court construes the motion as seeking sequestration of witnesses only for the motions hearing. However, as Defendant withdrew all of his dispositive pre-trial motions and did not object to the Court taking his remaining pretrial motions on the written submissions of the parties, the Court did not hold a motions hearing as to Defendant's pretrial motions.

The motion is denied as moot.

**XIV.   Defendant's Motion to File Later Motions for Good Cause, [Docket No. 689]**

Defendant moves the Court for an Order granting him leave to file future motions concerning issues which may arise through the discovery process in the present case. (Def.'s Motion to File Later Motions for Good Cause, [Docket No. 689]).

The Government objects to the Court granting an anticipatory blanket authorization to file additional unspecified motions. (Govt.'s Response to Def.'s Motions, [Docket No. 788], 21).

A court may for good cause excuse a defendant's failure to file a pre-trial motion before the expiration of the deadline for doing so. Fed. R. Crim. P. Rule 12(c)(3). It is a defendant's burden to show that good cause exists to excuse a late filing. United States v. Trancheff, 633 F.3d 696, 697 (8th Cir. 2011). Defendant, in essence, asks the Court to make a blanket finding <u>now</u> that good cause exists for him to file future pre-trial motions without having a make an

individual showing of good cause to as each such motion when the motion is filed, if at all. Defendant has made no showing that good cause exists <u>now</u> to excuse the late filing of any <u>future</u> motions or, for that matter, whether Defendant in fact intends to file any future motions. As such, the motion is premature.

To the extent Defendant seeks leave to file future motions, the motion is denied without prejudice. Defendant may attempt to carry his burden to show good cause if and when he files any future pretrial motions.

## XV.   CONCLUSION

A. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. That the Government's Motion for Discovery, [Docket No. 291], is **GRANTED** as set forth above;

2. The Defendant's Motion for Disclosure and Production of Informants, [Docket No. 608], is **GRANTED in part** and **DENIED in part**, as set forth above;

3. That Defendant's Motion for Disclosure of 404(b) Evidence, [Docket No. 610], is **GRANTED in part** and **DENIED in part**, as set forth above;

4. That Defendant's Motion for Disclosure of Electronic Surveillance Evidence Wiretapping Evidence, [Docket No. 613], to the extent it seeks production of such evidence, is **DENIED** as moot, as set forth above;

5. That Defendant's Motion for Impeachment Material and Exculpatory Evidence, [Docket No. 618], is **GRANTED**, as set forth above;

6. That Defendant's Motion for Discovery and Inspection, [Docket No. 620], is **GRANTED in part** and **DENIED in part**, as set forth above;

7. That Defendant's Motion for Discovery of Rule 16(a)(1)(G) Expert Evidence, [Docket No. 622], is **GRANTED**, as set forth above;

8. That Defendant's Motion to Exclude the Government from Impeaching Defendant with Prior Conviction, [Docket No. 625], is **DENIED**, as set forth above;

9. That Defendant's Motion for Brady and Giglio Materials, [Docket No. 627], is **GRANTED**, as set forth above;

10. That Defendant's Motion for Government Agents to Retain Rough Notes, [Docket No. 645], is **GRANTED,** as set forth above;

11. The Defendant's Motion for Grand Jury Testimony of Any Witness Who Will Testify at Suppression Hearing, [Docket No. 649], is **DENIED**, as set forth above;

12. That Defendant's Motion for Counsel's Participation in Voir Dire, [Docket No. 655], is **DENIED,** is set forth above;

13. That Defendant's Motion for Pretrial Disclosure of Jencks Act Material, [Docket No. 659], is **DENIED**, as set forth above;

14. That Defendant's Motion to Compel the Government to Disclose Evidence Favorable to the Defendant, [Docket No. 667], is **GRANTED**, as set forth above;

15. That Defendant's Motion to Disclose Grand Jury Minutes, [Docket No. 668], is **DENIED**, as set forth above;

16. That Defendant's Motion to Join in Motions of Codefendants, [Docket No. 674], is **DENIED**, as set forth above;

  **17.** That Defendant's Motion to Sequester Witnesses, [Docket No. 685], is **DENIED,** as set forth above; and,

  **18.** That Defendant's Motion to File Later Motions for Good Cause, [Docket No. 689], is **DENIED** as set forth above.

B. Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

That Defendant's Motion for Disclosure of Electronic Surveillance Evidence Wiretapping Evidence, [Docket No. 613], to the extent it seeks to suppress the admission of such evidence, be **DENIED**.

Dated: November 10, 2015          **s/ Leo I. Brisbois**
                       Leo I. Brisbois
                       U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.