UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-165(14)(JRT/LIB)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

(14) MICHAEL LENIOR DUKES,

      Defendant.

**GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING**

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Michael Lenior Dukes.  For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 140 months of imprisonment followed by a term of supervised release.

## INTRODUCTION

On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.)  The defendant was arrested on or about May 27, 2015, and has remained in custody since that time.  Subsequently, the defendant entered a plea

of guilty to Conspiracy to Distribute Heroin, Methamphetamine, Oxycodone, Hydromorphone, Hydrocodone, and Methadone as alleged in Count 1 of the Indictment on October 26, 2016.

I.     Offense Conduct

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley and his drug trafficking organization ("DTO").  According to information provided by community members as well as facts learned during the investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation.  Further, Beasley was using local community members to assist him in the distribution of controlled substances.  A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation.  Inside the residence, officers located the defendant along with at least three other charged co-conspirators and approximately 1300 grams of heroin.  All the individuals located inside the home were arrested on tribal or state charges.

As the investigation continued, law enforcement identified the defendant as a facilitator and distributor for the Beasley Drug Trafficking Organization ("DTO") on the Red Lake Indian Reservation.  The defendant is the husband of co-conspirator Ernestine Dukes.  In or about April 2014, the defendant and his wife began providing heroin and facilitating connections to larger sources of supply for Omar Sharif Beasley after he was released from prison and set up the Beasley DTO.  The defendant continued to provide

heroin to Beasley, transport heroin from Detroit, Michigan, and assist in the distribution on the Red Lake Indian Reservation through October 3, 2014.

Based on the defendant's admissions to the Court at the time of his change of plea hearing, the defendant supplied, and ultimately assisted Beasley and his DTO in the distribution of between 1 and 3 kilograms of heroin from April 2014 through October 2015. The total amount of this heroin is at least $150,000 based on street prices for heroin in northern Minnesota.

II.     Prior Criminal History and Post-Charge Conduct

As outlined in the Presentence Report prepared in this matter, the defendant is no stranger to the criminal justice system. The defendant has been arrested for and served significant terms of imprisonment for several serious offenses. Outlined on below are the defendant's prior convictions:

| DATE | OFFENSE | SENTENCE |
| --- | --- | --- |
| 6/19/1990 | Possession of a Controlled Substance (Flint, MI) | 12 to 48 months in prison (released on parole on 12/30/1991) |
| 5/4/1990 | Unarmed Robbery (Mt. Clemens, MI) | 2 to 15 years in prison (released on parole on 12/30/1991) |
| 6/16/1989 | Attempt to Receive or Conceal Stolen Property (Detroit, MI) | 90 days jail, 6 months' probation |
| 2/24/1993 | Possession of a Controlled Substance (Detroit, MI) | 2 years' probation |
| 10/19/1998 | Carrying a Concealed Weapon (Detroit, MI) | 3 years' probation (probation revoked and 1 year custody on 11/3/2003) |

| DATE | OFFENSE | SENTENCE |
| --- | --- | --- |
| 3/20/2002 | Felon in Possession of a Firearm; Firearms Violation (Detroit, MI) | 5 to 10 years prison (released on parole on 4/20/2010) |
| 3/25/2002 | Absconding or Forfeiting Bond (Detroit, MI) | 1 to 15 years prison (released on parole on 4/20/2010) |
| 1/9/2013 | Obtain Controlled Substance with Counterfeit Prescription (2 Counts)(Mt. Clemens, MI) | 18 months' probation |
| 1/9/2013 | Illegal Sale or Use of a Financial Transaction Device (Mt. Clemens, MI) | 18 months' probation |

As is outlined in the PSR, the defendant has served significant times in prison and served probationary period. Despite the defendant's opportunities at rehabilitation, the defendant has continued to commit various crimes. As a result of the defendant's prior convictions, the defendant's criminal history category is V.

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to Distribute various controlled substances. Based on the statutory provisions contained in the defendant's plea agreement, the offense carries a mandatory minimum sentence of 120 months' imprisonment. In addition to this mandatory minimum sentence, the Sentencing Guidelines are applicable. Here, the PSR correctly determined that the adjusted offense level for conspiracy to distribute heroin is 30. (PSR ¶ 121.) Further, the PSR adequately reflected a 3-level reduction for acceptance

of responsibility. (PSR ¶¶ 129-130.) Finally, the PSR appropriately determined that the defendant's Criminal History Category is V. (PSR ¶ 152.) Thus, the PSR ultimately concluded that the defendant's Guidelines range for Conspiracy to Distribute Heroin was 140 months to 175 months. (PSR ¶ 179.)

The defendant has one objection to the Sentencing Guidelines Calculations. The defendant objects to the 2-level enhancement for possession of a weapon because the defendant contends that he did not possess the firearm, and the firearm was not connected to the offense. *See* U.S.S.G. § 2D1.1(b)(1). Here, the defendant does not appear to dispute the factual information with respect to the enhancement. Namely, the defendant was arrested in Detroit, Michigan, on June 4, 2014. At the time of his arrest, his wife had the vehicle that the defendant had arrived home in towed from their home. Inside the vehicle, law enforcement located a firearm that had been purchased by co-conspirator Travis Baker. Here, the defendant argues that he never possessed the firearm, and the firearm was not connected to the offense. However, the facts show the alternative. First, the firearm was found in a vehicle that the defendant was driving prior to his arrest on traffic tickets. Second, the firearm was purchased by a co-conspirator in Minnesota. The gun then ended up with the defendant in Michigan. Pursuant to Comment Note 11(A) of Section 2D1.1 of the Sentencing Guidelines, an enhancement should be applied for a weapon if the weapon was present unless it is clearly improbable that the weapon was connected with the offense. Here, based on the undisputed facts, it is not clearly improbable that the weapon was not connected with the offense. Thus, the objection should be overruled.

Here, the Court should begin with the appropriate guidelines calculations. And, after determining whether the defendant's objection, the Court should determine that the Sentencing Guidelines range is 140 to 175 months of imprisonment. And, for the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 140 months' imprisonment for his role in facilitating and conspiring to distribute heroin for Omar Beasley and his drug trafficking organization in northern Minnesota.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner; and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 140 months' imprisonment is appropriate for the defendant. Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.        Nature and Circumstances of the Offense

Here, the defendant admitted that he was facilitator and distributer for Omar Beasley and his drug trafficking organization.  From April 2014 through at least October 2014, the defendant transported, provided, and distributed Omar Beasley at least 1 kilogram of heroin for distribution in northern Minnesota.  The defendant was in the business of assisting Beasley for himself, not because of a substance abuse issue.  The defendant voluntarily chose to coordinate the shipment of heroin from Detroit, Michigan, and travel to Minnesota, specifically the Red Lake Indian Reservation, to distribute heroin.  The defendant contributed to a significant heroin epidemic in northern Minnesota - both on the Red Lake Indian Reservation and the White Earth Indian Reservation.

Based upon the nature and circumstances of the offense, a sentence of 140 months' imprisonment is a fair and just sentence.

II.       History and Characteristics of the Defendant

In the PSR, the defendant reports that he has not been employed for a significant period of time.  The defendant has been in and out of custody for more than 15 years.  Rather that rehabilitation, the defendant choses to continue to live a life of crime and substance abuse.  The defendant's prior criminal history merits a significant sentence.

Based on a totality of the defendant's characteristics and criminal history, a sentence of 140 months' imprisonment is fair and just.

III.   A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant.  Namely, the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense.  Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct.  Here, a sentence of 140 months' imprisonment balances all these societal and personal factors.  To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for his actions.  Further, there must be an adequate sentence in hopes of deterring others from becoming those connections that allow an entire community to be impacted.  Finally, the defendant's sentence should be commensurate with his co-defendants that are similarly situated.

## CONCLUSION

The government respectfully requests that the Court impose a sentence of 140 months' imprisonment.  This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: February 23, 2017                              Respectfully Submitted,

                                                      ANDREW M. LUGER
                                                      United States Attorney

                                                      *s/Deidre Y. Aanstad*

                                                      BY:  DEIDRE Y. AANSTAD
                                                      Assistant U.S. Attorney
                                                      Attorney ID No. 0331788