# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LENIOR DUKES,<br><br>Defendant. | Criminal No. 15-165 (JRT/LIB)<br>Civil Case No. 18-620 (JRT)<br><br>**ORDER DENYING 28 U.S.C. § 2255 MOTION** |

Deidre Y. Aanstad, Melinda A. Williams, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Michael Lenior Dukes, No. 51046-039, F.C.I Hazelton, P.O. Box 5000 Bruceton Mills, WV 26525 *pro se* defendant.

On October 26, 2016, Michael Dukes pleaded guilty to one count of conspiracy to distribute 1 kilogram or more of a mixture containing a detectable amount of heroin and quantities of mixtures and substances containing detectable amounts of methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, all in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846. (Plea Agreement ¶ 1, Oct. 26, 2016, Docket No. 1830.) The conspiracy was created for the purpose of distributing heroin from the Detroit area to the Red Lake Indian Reservation in northern Minnesota and contained 40 other individuals. (Indictment, May 20, 2015, Docket No. 1; Plea Agreement ¶ 2.) Dukes's role was to distribute and oversee the distribution on the Reservation, and he pleaded guilty to

personally distributing and overseeing the distribution of at least 1 kilogram of heroin. (Plea Agreement ¶ 2.) Dukes was subsequently sentenced to the mandatory minimum 120 months imprisonment. (Sentencing J. at 2, Feb. 27, 2017, Docket No. 2140.)

Dukes filed this 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.[1] He argues that his counsel was constitutionally ineffective because his counsel failed to point out—and the Court therefore failed to consider—several legal principles that would have lowered his sentence. Because his counsel was not constitutionally ineffective, the Court will deny his motion. Dukes also filed a motion to amend his § 2255 motion, and included a memorandum detailing his new arguments. The Court will deny his motion to amend, because the arguments contained within it do not afford him any relief. Finally, Dukes brought a motion for discovery, which the Court will deny because Dukes has not shown that good cause warrants allowing the requested discovery.

## DISCUSSION

**I.    SECTION 2255**

Section 2255(a) permits a federal prisoner to move the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Such

---

[1] Despite two requests to extend its filing deadline, the United States never filed a response to Dukes' § 2255 Motion.

relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

To prove a claim of ineffective assistance of counsel, Dukes must demonstrate both that his counsel's performance was deficient, and that his counsel's deficient performance prejudiced him in some way. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Steinkuehler v. Meschner*, 176 F.3d 441, 444–45 (8th Cir. 1999). To establish the performance prong of the *Strickland* test, Dukes must show that his attorney's representation fell below the "range of competence demanded of attorneys in criminal cases." *Strickland*, 466 U.S. at 687 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980)). The Court's review of counsel's performance is deferential and there is a presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. To establish the prejudice prong of the *Strickland* test, Dukes must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *Fretwell v. Norris*, 133 F.3d 621, 623 n. 2 (8th Cir. 1998). "A finding that no prejudice exists is sufficient to conclude that counsel was not constitutionally ineffective—[a court] need not first make a determination regarding deficiency." *Holder v. United States*, 721 F.3d 979, 987 (8th Cir. 2013).

In this case, Dukes asserts that his counsel was ineffective for failing to "object, challenge, or otherwise motion the sentencing court" on two matters. (Mem. in Supp. at 2, Apr. 30, 2018, Docket No. 2604.) First, Dukes argues that because he was part of a larger conspiracy his counsel should have notified the Court that it was supposed to "make a determination as to how much of the total sum of drugs . . . is reasonably attributable to" him, something he labels the "parsimony principle." (*Id.* at 6.) Second, because he was indicted for conspiring to distribute not just heroin, but also methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, he asserts that "the ultimate punishment may not exceed the statutory maximum sentence for the specific drug" with the least severe penalty. (*Id.*) Combined, he contends that these two principles would have lowered his sentence considerably.

In Dukes's motion to amend his § 2255 motion, he offers two more arguments. First, and related to the claims above, he argues that his counsel's failure to petition the court for what he labels the "parsimony principle" kept him from challenging the imposition of his mandatory minimum sentence. (Mem. in Supp. of Mot. to Amend at 2, June 28, 2018, Docket No. 2653.) Second, he argues that his counsel failed to object to a firearm enhancement applied to his Sentencing Guidelines calculation, that his counsel was deficient for failing to do so, and that his sentencing would have changed if this enhancement was removed. (*Id.* at 3.)

The problem with all of Dukes's arguments is that he pleaded guilty to personally distributing and overseeing the distribution of at least 1 kilogram of heroin. This conduct, in and of itself, is sufficient to trigger the mandatory minimum of 10 years. 21 U.S.C. §

841(b)(1)(A). Dukes is right that even small periods of additional imprisonment due to deficient counsel can constitute prejudice. However, Dukes received the minimum punishment that the Court could give. Thus, whatever legal merit his arguments may or may not have in a hypothetical case, Dukes's counsel's failure to raise them did not prejudice him.[2]

### III. MOTION FOR DISCOVERY

In connection with his § 2255 motion, Dukes filed a motion for copies of his indictment, plea agreement, plea colloquy, sentencing transcript, and presentencing investigation report. The Court will deny the request. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, a habeas petitioner is entitled to discovery only upon a showing of good cause. *See id.* Because the Court is able to conclude on the existing record that Dukes is not entitled to relief, the Court finds that he has not demonstrated good cause for discovery. *See Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009) ("The 'good cause' that authorizes discovery under Rule 6(a) requires a showing 'that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to [habeas] relief.'" (quoting *Bracy*, 520 U.S. at 909)).

---

[2] The Court also notes that, contrary to what Mr. Dukes asserts in his motion to amend, his counsel did petition the Court to remove the firearm enhancement. (Def.'s Sentencing Mem. at 5–6, Feb. 15, 2017, Docket No. 2100.)

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability for a § 2255 motion only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). The petitioner must show that "the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 883 (8th Cir. 1994); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). The Court finds it unlikely that another court would decide the issues raised in Duke's motion differently. The Court therefore concludes that Dukes has failed to make the required substantial showing of the denial of a constitutional right and, thus, will deny a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Dukes's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 2558] is **DENIED**.

2. Dukes's Motion to Amend his § 2255 Motion [Docket No. 2652] is **DENIED**.

3. Dukes's Motion Requesting Discovery [Docket No. 2603] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 24, 2018            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                             Chief Judge
                                          United States District Court